UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROTH STAFFING COMPANIES, L.P. | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO.: _____ |
| | : | |
| v. | : | |
| | : | |
| WENDY STRUTHERS a/k/a WENDY WARD a/k/a WENDY WARD-STRUTHERS | : | |
| | : | JULY 21, 2015 |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Roth Staffing Companies, L.P. ("Roth Staffing" or the "Company") moves, pursuant to Fed. R. Civ. P. 65, for a Preliminary Injunction against the defendant, Wendy Struthers a/k/a Wendy Ward a/k/a Wendy Ward-Struthers. An immediate injunction is necessary to prevent further irreparable harm to Roth Staffing from defendant's ongoing breach of the noncompetition provision in her Employment Agreement dated July 19, 2013 ("Agreement"), and to prevent the misappropriation of Roth Staffing's trade secrets under the Connecticut Uniform Trade Secrets Act ("CUTSA"), Conn. Gen. Stat. § 31-51 *et seq.* Roth Staffing respectfully requests an immediate hearing on this Motion, as defendant's violations and the resultant irreparable harm to Roth Staffing are ongoing.

In May 2015, defendant left her job as practice manager for Roth Staffing's "Ultimate Staffing" line of business in its Hartford office to become the managing director of a competitor's West Hartford office, approximately five miles from the office she managed for Roth Staffing. Two weeks before she resigned, defendant used her Company email to forward confidential information regarding Roth Staffing customers and job candidates to her personal

*ORAL ARGUMENT IS REQUESTED*

email account. On the day she resigned, defendant sent herself even more confidential information. Since that time, Roth Staffing has learned that defendant, directly or indirectly and in concert with her new employer, has solicited business from at least one of the customers she had dealt with on behalf of Roth Staffing.

Defendant's conduct violates Sections 3.3, 3.6, 3.1, and 3.2 of the Agreement. **Section 3.3** ("Competition") restricts defendant for a period of one (1) year after her employment with Roth Staffing from competing within 25 miles of any Company location at which she worked or was assigned. **Section 3.6** ("Solicitation of Customers or Prospective Customers") restricts defendant for a period of one (1) year after her employment with Roth Staffing from directly or indirectly or by action in concert with others, soliciting, inducing or influencing (or seeking to induce or influence) any customers or potential customers of the Company with whom she did business within the last 18 months of her employment for the purpose of promoting or selling any products or services competitive with those of the Company. **Section 3.1** ("Confidentiality) restricts defendant from directly or indirectly using, divulging, disclosing or communicating Roth Staffing's confidential information. **Section 3.2** ("Employee's Duties on Termination") required defendant to return Company property and restricted her from maintaining any of Roth Staffing's confidential information or other property after the end of her employment. Defendant's conduct is also an actual or threatened misappropriation of trade secrets under the CUTSA.

For the reasons set forth in the accompanying Memorandum of Law, and for reasons which will be shown at the hearing on this Motion, the Court should enter the proposed Order of Preliminary Injunction attached hereto against defendant and all other persons or entities who are in active concert or participation with her, as follows:

1. Until the latter of May 7, 2016 or one (1) year from the last date that Defendant is in violation of Section 3.3 of the Employment Agreement, Defendant shall not, directly or indirectly, own an interest in, operate, join, control, or participate in, or be connected as an officer, employee, agent, independent contractor, partner, shareholder, or principal of any corporation, partnership, proprietorship, firm, association, person, or other entity which directly or indirectly competes with Roth Staffing (other than as a passive stockholder in such corporations whose stock is traded on a recognized stock exchange) within 25 miles of any location of Roth Staffing at which Defendant worked, was assigned, or over which Defendant had responsibility or supervisory authority, nor shall she be so employed by any of other persons who are in active concert or participate with her;

2. Until the latter of May 7, 2016 or one (1) year from the last date that Defendant is in violation of Section 3.6 of the Employment Agreement, Defendant shall not, directly or indirectly or by action in concert with others, solicit, induce or influence (or seek to induce or influence) any customers or potential customers of Roth Staffing with whom she did business within the last 18 months of her employment with Roth Staffing, for the purpose of promoting or selling any products or services competitive with those of Roth Staffing;

3. Defendant, and all other persons or entities who are in active concert or participation with her, shall not, directly or indirectly, use or divulge, disclose or communicate to any person, firm, or corporation, in any manner whatsoever, any confidential information of Roth Staffing in accordance with Section 3.1 of the Employment Agreement;

4. Within seven (7) days of an Order of Preliminary Injunction, Defendant shall deliver to Roth Staffing any and all confidential information and other property of Roth Staffing that is in her custody, possession, or control or the custody, possession, or control of any persons or entities who are in active concert or participation with her, in accordance with Sections 3.1 and 3.2 of the Employment Agreement; and

5. Defendant, and all other persons or entities who are in active concert or participation with her, shall not engage in any misappropriation of Roth Staffing's trade secrets, as those terms are defined in Conn. Gen. Stat. § 35-51;

Moreover, under the circumstances of this case, the Court should exercise its discretion to dispense with the requirement of a bond under Fed. R. Civ. P. 65(c). *See, e.g., Elizabeth Grady Face First, Inc. v. Escavich*, 321 F. Supp. 2d 420, 428 (D. Conn. 2004).

Respectfully submitted,

PLAINTIFF, ROTH STAFFING
COMPANIES, L.P.

/s/ Stephen P. Rosenberg
Stephen P. Rosenberg (ct26601)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
sprosenberg@littler.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROTH STAFFING COMPANIES, L.P. | : | |
| Plaintiff, | : : | CIVIL ACTION NO.: _____ |
| v. | : : | |
| WENDY STRUTHERS a/k/a WENDY WARD a/k/a WENDY WARD-STRUTHERS | : : : | |
| Defendant. | : : | |

## ORDER OF PRELIMINARY INJUNCTION

The Court, having considered Plaintiff's Motion for Preliminary Injunction and having given Defendant notice and an opportunity to be heard, hereby GRANTS Plaintiff's Motion for Preliminary Injunction. Pursuant to Fed. R. Civ. P. 65, the following Order of Preliminary Injunction shall apply to Defendant Wendy Struthers a/k/a Wendy Ward a/k/a Wendy Ward-Struthers and all other persons or entities who are in active concert or participation with her:

1. Until the latter of May 7, 2016 or one (1) year from the last date that Defendant is in violation of Section 3.3 of the Employment Agreement, Defendant shall not, directly or indirectly, own an interest in, operate, join, control, or participate in, or be connected as an officer, employee, agent, independent contractor, partner, shareholder, or principal of any corporation, partnership, proprietorship, firm, association, person, or other entity which directly or indirectly competes with Plaintiff (other than as a passive stockholder in such corporations whose stock is traded on a recognized stock exchange) within 25 miles of any location of Plaintiff at which Defendant worked, was assigned, or over which Defendant had responsibility or

supervisory authority, nor shall she be so employed by any of other persons who are in active concert or participate with her;

2. Until the latter of May 7, 2016 or one (1) year from the last date that Defendant is in violation of Section 3.6 of the Employment Agreement, Defendant shall not, directly or indirectly or by action in concert with others, solicit, induce or influence (or seek to induce or influence) any customers or potential customers of Plaintiff with whom she did business within the last 18 months of her employment with Plaintiff, for the purpose of promoting or selling any products or services competitive with those of Plaintiff;

3. Defendant, and all other persons or entities who are in active concert or participation with her, shall not, directly or indirectly, use or divulge, disclose or communicate to any person, firm, or corporation, in any manner whatsoever, any confidential information of Plaintiff in accordance with Section 3.1 of the Employment Agreement;

4. Within seven (7) days of an Order of Preliminary Injunction, Defendant shall deliver to Plaintiff any and all confidential information and other property of Plaintiff that is in her custody, possession, or control or the custody, possession, or control of any persons or entities who are in active concert or participation with her, in accordance with Sections 3.1 and 3.2 of the Employment Agreement; and

5. Defendant, and all other persons or entities who are in active concert or participation with her, shall not engage in any misappropriation of Plaintiff's trade secrets, as those terms are defined in Conn. Gen. Stat. § 35-51.

Under the circumstances of this case, the Court exercises its discretion to dispense with the

requirement of a bond under Fed. R. Civ. P. 65(c).

SO ORDERED.

_____
United States District Court

Date: _____